Case No. 22-13626

---

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

**Anna Lange,**

                                          **Plaintiff-Appellee**

v.

**Houston County, Georgia, et al.,**

                                          **Defendants-Appellants**

---

On Appeal from the United States District Court
for the Middle District of Georgia
(5:19-cv-00392-MTT)

---

**MOTION FOR LEAVE TO FILE AMICUS BRIEF BY THE
ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS IN
SUPPORT OF DEFENDANTS-APPELLANTS AND THEIR PETITION
FOR REHEARING EN BANC**

---

Andrew L. Schlafly
939 Old Chester Rd.
Far Hills, NJ 07931
908-719-8608
908-934-9207 (fax)

*Attorney for Amicus Curiae*
*Association of American Physicians and Surgeons*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The case number for this *amicus curiae* brief is No. 22-13626, *ANNA LANGE v. HOUSTON COUNTY, GEORGIA, ET AL.*

*Amicus Curiae* Association of American Physicians and Surgeons is a non-profit corporation that has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

Pursuant to Eleventh Circuit Rule 26.1-1(a)(1), the undersigned counsel of record certifies that the parties', including *amicus*'s, list of persons and entities having an interest in the outcome of this case is complete, to the best of the undersigned counsel's knowledge, with the following additions:

Association of American Physicians and Surgeons, *Amicus Curiae*

Andrew L. Schlafly, counsel for *Amicus Curiae*.

These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Dated: June 10, 2024

/s/ Andrew L. Schlafly
*Counsel for Amicus Curiae*

Pursuant to 11th Cir. R. 29-3, the Association of American Physicians and Surgeons ("AAPS") respectfully requests leave to file its accompanying amicus curiae brief in support of Defendants-Appellants and in support of their Petition for Rehearing En Banc. Defendants-Appellants do not oppose the filing of AAPS's amicus brief, while counsel for Plaintiff-Appellee did not respond to an inquiry by the undersigned counsel.

## I. IDENTITY AND INTEREST OF *AMICUS CURIAE*.[1]

*Amicus curiae* AAPS is a national association of physicians. Founded in 1943, AAPS has consistently advocated against health insurance mandates, and has filed many amicus briefs in appellate courts against judicial activism on medicine-related issues. In high-profile cases, AAPS's amicus briefs have been cited by Supreme Court Justices and by federal appellate courts. *See, e.g., Stenberg v. Carhart*, 530 U.S. 914, 959, 963 (2000) (Kennedy, J., dissenting).

AAPS has a direct interest in opposing the creation of transgender insurance mandates by judicial activism, which is at issue here.

---

[1] Pursuant to FED. R. APP. P. 29(a)(4)(E), undersigned counsel certifies that: counsel for the *Amicus* authored this motion and brief in whole; no counsel for a party authored this motion and brief in any respect; and no person or entity – other than *Amicus*, its members, and its counsel – contributed monetarily to this brief's preparation or submission.

## II. AUTHORITY TO FILE THE *AMICUS CURIAE* BRIEF OF AAPS.

As now-Justice Samuel Alito observed while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, *Federal Appeals – Jurisdiction and Practice* 181 (3d ed. 1999) and Robert L. Stern, *Appellate Practice in the United States* 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise for the statement that "'[e]ven when the other side refuses to consent to an *amicus* filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned.'" 293 F.3d at 133.

This motion for leave to file an *amicus* brief is timely, as submitted within seven days of the Petition for Rehearing En Banc that AAPS supports.

## III. REASONS WHY THIS *AMICUS CURIAE* BRIEF IS DESIRABLE AND WHY THE MATTERS ASSERTED ARE RELEVANT TO THE DISPOSITION OF THIS CASE.

The accompanying *amicus curiae* brief by AAPS will be beneficial to this Court's resolution of the issues raised for the following reasons, as more fully explained in the brief:

4

**A. The Existence of a Right Does Not Support a Court-Created Mandate to Fund that Right, as the Panel Majority Essentially Held.**

It has long been well-established that the existence of a right, even a constitutional right, does not justify court-ordered funding of an exercise of that right. *See, e.g., Harris v. McRae*, 448 U.S. 297, 318 (1980) (there is no "entitlement to such funds as may be necessary to realize all the advantages of [a] freedom. To hold otherwise would mark a drastic change in our understanding of the Constitution.").

Nothing in federal law or the *Bostock* decision supports the Court-mandated subsidizing of transgender operations, and rehearing en banc is warranted. *See Bostock v. Clayton Cty.*, 140 S. Ct. 1731 (2020).

**B. Transgender Treatments Are Being Discredited throughout Europe, While the Transgender Movement in the United States Has Been Distorted for Political Gain.**

Transgender treatments are increasingly being doubted and discredited by scientists throughout Europe. For example, in a direct repudiation of the transgender ideology, Great Britain's National Health Service is updating its constitution to state: "We are defining sex as biological sex." *See* "NHS to enshrine biological sex in its constitution" (Apr. 30, 2024).[2]

---

[2] https://care.org.uk/news/2024/04/nhs-to-enshrine-biological-sex-in-its-constitution#:~:text=Now%2C%20the%20constitution%20is%20to,of%20the%20opposite%20biological%20sex.%E2%80%9D (viewed June 10, 2024).

Yet to the dismay of leading European medical experts – the accompanying AAPS amicus brief quotes a particularly prominent one – political alliances within the United States tend to distort scientific assertions about this issue. Last year nearly 20 Biden-aligned American medical societies, including the American Medical Association, all agreed to include their names in a high-profile, Democratic Party Resolution of Congress that locks these groups into a political commitment to support the transgender agenda. See H. RES. 269 (introduced 03/30/2023).

"Yes, we should absolutely follow the science. But that doesn't mean we should always follow scientists. Because scientists don't always follow the science." *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, No. 23-40423, 2024 U.S. App. LEXIS 13321, at *26 (5th Cir. June 3, 2024) (Ho, J., dissenting in part).

### C. Judicially Created Health Insurance Mandates Are Harmful and Beyond Legitimate Judicial Authority

"Governmental decisions to spend money to improve the general public welfare in one way and not another are ***'not confided to the courts***. The discretion belongs to Congress, unless the choice is clearly wrong, a display of arbitrary power, not an exercise of judgment.'" *Bowen v. Owens*, 476 U.S. 340, 345 (1986), quoting *Mathews v. De Castro*, 429 U.S. 181, 185 (1976), quoting *Helvering v. Davis*, 301 U.S. 619, 640 (1937), emphasis added).

Judicial activism that imposes mandates on businesses and taxpayers adversely affects our economy, and the *Wall Street Journal* Editorial Board is right to object. It wrote on May 10, 2024, about an analogous en banc 8-6 en banc decision by the Fourth Circuit, "A Constitutional Right to Gender Surgery? An appeals court uses the Bostock ruling to usurp state law, in a new version of *Roe v. Wade*."[3]

**D. The Panel Decision Conflicts with Religious Liberty and Should Be Vacated.**

Forced taxpayer and business funding of transgender surgeries implicates religious liberty of those who object. Virtually all major religious in the United States object to aspects of this. Religious views were a consideration in *Roe v. Wade*, and should not be entirely ignored here particularly as people are told to fund something contrary to their faith. 410 U.S. 113, 160 (1973). The accompanying amicus brief expands on this religious liberty issue.

## CONCLUSION

The *amicus curiae* brief submitted by AAPS would aid this Court with respect to the foregoing points of argument. Accordingly, AAPS respectfully requests leave to file its accompanying *amicus curiae* brief.

---

[3] https://www.wsj.com/articles/a-constitutional-right-to-gender-surgery-14th-amendment-fourth-circuit-bostock-3a0b4dfa (viewed May 25, 2024).

Respectfully submitted,

/s/ Andrew L. Schlafly

Andrew L. Schlafly
Attorney at Law
939 Old Chester Rd.
Far Hills, NJ 07931
Phone:   (908) 719-8608
Fax:        (908) 934-9207
Email: aschlafly@aol.com

Dated:  June 10, 2024                    *Counsel for Amicus Curiae Association of American Physicians and Surgeons*

## CERTIFICATE OF COMPLIANCE

1. This motion has been prepared using 14-point, proportionately spaced, serif typeface, in Microsoft Word.

2. This motion complies with word-length requirements because it contains a total of 1,063 words, excluding material properly not to be counted.

Dated:    June 10, 2024                    Respectfully Submitted,

s/ Andrew L. Schlafly

Andrew L. Schlafly
*Counsel for Amicus Curiae Association of American Physicians and Surgeons*